# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

OLIVIER ZOUNGRANA,

Petitioner,

v.

SIXTO MARRERO, Warden, Imperial Regional Detention Facility; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; and PAMELA JO BONDI, Attorney General, in their official capacities,

Respondents.

Case No.:  26cv0768 DMS VET

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a reply.  For the following reasons, the Court grants the Petition.

1

26cv0768 DMS VET

Petitioner is a citizen of Burkina Faso.  On December 13, 2024, he entered the United States without inspection and was immediately apprehended by border patrol agents.  He was determined to be inadmissible and taken into Immigration and Customs Enforcement ("ICE") custody.  Petitioner has been in custody since that time and is presently confined in Otay Mesa Detention Center.

While in custody, Petitioner was issued a Notice to Appeal, which initiated removal proceedings against him.  On May 5, 2025, an immigration judge ordered Petitioner removed to Burkina Faso.  (Pet., Ex. 2.)  Petitioner appealed that decision to the Board of Immigration Appeals, which remanded the case to the immigration court.  (Pet., Ex. 3.)  On remand, the court granted the Department of Homeland Security's motion to pretermit Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed to Uganda under the Asylum Cooperative Agreement between the United States and Uganda.  (Pet., Ex. 4.)  Petitioner filed an appeal of that decision, which is pending.

On February 6, 2026, Petitioner filed the present case in which he alleges his continued detention without a bond hearing violates his right to due process.  Respondents argue the Court lacks jurisdiction to consider Petitioner's claim, Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A), and his continued detention does not violate due process.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case.  *See also Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6.  In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights.  *See De la Torre Duran*, ECF No. 11.  Applying those factors to the present case results in the same conclusion.

2

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within seven (7) days of this Order. The parties are ordered to file a Joint Status Report within fourteen (14) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results of that hearing.

**IT IS SO ORDERED**.

Dated: March 16, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv0768 DMS VET