**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

OLIVIER ZOUNGRANA,

Petitioner,

v.

SIXTO MARRERO, Warden, Imperial Regional Detention Facility; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; and PAMELA JO BONDI, Attorney General, in their official capacities,

Respondents.

Case No.: 26cv0768 DMS VET

**ORDER DENYING MOTION TO ENFORCE HABEAS ORDER**

On March 16, 2026, this Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing at which Respondents would bear the burden to prove by clear and convincing evidence that Petitioner posed a danger to the community or was a flight risk. Respondents complied with that order and

Petitioner had a bond hearing on March 18, 2026, at the conclusion of which the immigration judge denied bond.

On March 20, 2026, Petitioner filed the present motion to enforce the Court's March 16, 2026 Order. In the motion, Petitioner argues the immigration judge placed the burden on Petitioner to prove he was not a danger to the community or a flight risk, which violated the Court's Order. In light of that alleged violation, Petitioner requests the Court order his immediate release on appropriate conditions, or in the alternative, order a new bond hearing before a different immigration judge who will apply the correct burden of proof. Respondents filed an opposition to the motion, and subsequently filed the transcript of the bond hearing. Petitioner filed a reply brief, a supplemental reply brief, and a status report.

After reviewing the transcript of the bond hearing, the Court disagrees that the immigration judge incorrectly applied the burden of proof. Although at the start of the hearing the immigration judge stated Petitioner had the burden of proof to show he was not a danger to the community or a flight risk, Petitioner's counsel corrected the judge and made clear that this Court ordered the burden to be placed on Respondents. (ECF No. 10-1 at 7.) The judge then acknowledged that was the standard, and placed the burden of proof on Respondents. (*Id.*)

To the extent Petitioner disagrees with the immigration judge's application of the correct burden of proof, the Court finds that argument should be addressed to the Board of Immigration Appeals, which is currently considering Petitioner's appeal of the immigration judge's decision.

For these reasons, Petitioner's motion to enforce the Court's March 16, 2026 Order is denied.

**IT IS SO ORDERED**.

Dated: August 21, 2026

Hon. Dana M. Sabraw
United States District Judge